IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| FRANCISCO GONZALEZ MARTINEZ, § § § | |
| Petitioner, § § | |
| v. § | CAUSE NO. EP-25-CV-430-KC |
| § § | |
| KRISTI NOEM et al., § § § | |
| Respondents. § | |

**ORDER DENYING TEMPORARY RESTRAINING ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**

On this day, the Court considered Petitioner Francisco Gonzalez Martinez's Motion for Temporary Restraining Order or Preliminary Injunction ("Motion"), ECF No. 2. For the following reasons the Motion is **DENIED**, but the Court **ORDERS** that **Respondents may not remove Martinez from the United States or transfer him from this Division and District until further order**.

I.   BACKGROUND

Martinez is a Mexican citizen who entered the United States in 2003 and has lived here for the past twenty-two years. Pet. ¶ 12, ECF No. 1. On an unspecified date this year, Martinez was taken into custody by Immigration and Customs Enforcement ("ICE"), and he is currently detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶¶ 9, 12. Martinez is a father of five with no criminal history. *Id.* ¶¶ 19, 20. He has not been given a bond hearing, though he appears to have requested one. *Id.* ¶¶ 12, 21, 23.

On September 29, 2025, Martinez filed a Petition for a Writ of Habeas Corpus, asking the Court to order his immediate release, or alternatively, order a bond hearing before an

immigration judge. *Id.* at 34. Concurrently, Martinez filed this Motion, requesting a Temporary Restraining Order ("TRO") "compelling Respondents to release him from [ICE] custody" immediately. Mot. 1.

## II.  DISCUSSION

To prevail on a TRO request, a movant must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that [the movant] will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the [non-movant], and (4) that the injunction will not disserve the public interest." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citing *Planned Parenthood of Hous. & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005)). "The last two factors merge when the government is the opposing party." *Nat. Ass. for Gun Rights, Inc. v. Garland*, 697 F.Supp.3d 601, 620 (N.D. Tex. 2023) (citing *Nken v. Holder*, 566 U.S. 418 (2009)).

"The purpose of a preliminary injunction [or TRO] is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

### A.  Immediate Release or Bond Hearing

Martinez seeks a TRO compelling his immediate release or a bond hearing. Mot. 1–2. In support, Martinez cites this Court's recent decision in *Lopez-Arevelo*. *Id.* at 2 (citing *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *7 (W.D. Tex. Sept. 22, 2025)). There, this Court ordered a bond hearing or immediate release as the ultimate relief, after giving the respondents an opportunity to file a brief in opposition and appear at a hearing to present

evidence and argument—not on a preliminary, ex parte basis. *Lopez-Arevelo*, 2025 WL 2691828, at *3, 13.

Here, the current status quo is that Martinez is detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. Mot. 3. Even crediting Martinez's likelihood of success on the merits of his Petition, at this juncture the Court can do no more than preserve that status quo. It cannot issue the ultimate relief requested until Respondents have an opportunity to respond. *See Sambrano*, 2022 WL 486610, at *4; *see also Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to 'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations omitted).

Separately, Martinez's TRO request is deficient in another respect. Federal Rule of Civil Procedure 65(b) requires that there be "specific facts in an affidavit or a verified complaint" before a TRO can issue without permitting the adverse party to "be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Martinez has not submitted any affidavit, and his Petition is not verified. *See generally* Mot.; Pet.

For both of these reasons, Martinez's TRO request for immediate release or a bond hearing is denied, without prejudice to his ability to obtain such relief following a full hearing on the merits.

### B.     Transfer from District or Deportation

In alleging harm, Martinez states he "has already been subjected to [] being transported across the country in ICE custody" and that without this Court's intervention he "will remain detained and potentially moved again . . . ." Mot. 14. Although the Court cannot grant the ultimate relief requested at this juncture, the Court can prevent Respondents from moving

Martinez again, in the interest of preserving the status quo and the Court's ability to fully assess this case on the merits. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). Many courts, including this one, have prevented immigration habeas petitioners' removal from the country or transfer from the forum jurisdiction, until the petition can be fully considered. *See Santiago v. Noem*, No. 3-25-cv-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases). To ensure the Court's ability to meaningfully address Martinez's claim, the Court finds it necessary to do the same here. This Order is not issued as a TRO but instead under the Court's inherent power to preserve its ability to hear the case. *See, e.g.*, Order Concerning Service of Petition and Stay of Transfer or Removal, *Teixeira v. ICE Burlington*, No. 25-cv-11631 (D. Mass. June 5, 2025), ECF No. 5; *see also Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025). Accordingly, Respondents may not transfer Martinez out of the El Paso Division of the Western District of Texas or remove him from the country during the pendency of this case.

Again, this Order is issued under the Court's inherent authority to preserve and assess its own jurisdiction, not as a TRO, but to the extent a bond may be required, it is waived. *See, e.g.*, *Sepulveda Ayala v. Noem*, No. 25-cv-5185, 2025 WL 1207655, at *4 (W.D. Wash. Apr. 26, 2025).

### III.   CONCLUSION

Accordingly, Martinez's Motion, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent **SHALL NOT** (1) remove or deport Martinez from the United States, or (2) transfer Martinez to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise.

**SO ORDERED**.

**SIGNED this 30th day of September, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

5